**Holly CLARK, Plaintiff–Appellant,**

v.

**MCI COMMUNICATIONS CORPO-
RATION, dba MCI Worldcom
Inc., Defendant–Appellee.**

No. 02–15444.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 17, 2004.

Alfred Dovbish, Esq., Tiburon, CA, for Plaintiff-Appellant.

Melissa Peri Lopez, Esq., Sheppard Mullin, et al., LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM *

Holly Clark appeals the summary judgment entered in her action against MCI Communications Corporation, dba World-Com, Inc., for retaliation in violation of California Gov't Code § 12940 and California public policy. We are not persuaded by MCI's motion to dismiss the appeal. We deny the motion to dismiss and affirm the grant of summary judgment.

To establish a prima facie case for retaliation Clark must show that she engaged in protected activity; that MCI subjected her to an adverse employment action; and that there is a causal link between the protected action and the adverse employment action. *See McAlindin v. County of San Diego,* 192 F.3d 1226, 1238 (9th Cir.1999); *Addy v. Bliss & Glennon,* 44 Cal.App.4th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

205, 217, 51 Cal.Rptr.2d 642 (1996). Clark failed to raise a triable issue that there was a causal connection between protected activity and any adverse employment action taken by MCI. As the district court explained in detail, although Clark properly complained about Roth, neither Roth nor anyone familiar with Clark's complaints had anything to do with transferring her in June 1998, denying her tools or training, denying her vacation or disability leave, or terminating her in April 1999. Clark also failed to show that any adverse employment action taken after her July 1998 DFEH complaint was retaliatory. There is no dispute that by the time of her termination, Clark had not filed sales reports as required or met her sales quota for months. Negative PIPs were either admittedly not unreasonable or were based on Clark's undisputed failure to meet sales quotas.

Clark faults the district court for resolving credibility issues, but the court properly fulfilled its task on summary judgment to determine whether there was evidence in the record on material issues that, viewed in the light most favorable to Clark, were genuinely disputed and therefore required trial. We independently review the parties' submissions and agree with the court that no triable issue exists as to nexus. This remains the case even considering documents whose admissibility the district court correctly questioned.

AFFIRMED.